Anna María Tejada, Esq.
**KAUFMAN DOLOWICH & VOLUCK, LLP**
Court Plaza South
21 Main Street, Suite 251
Hackensack, NJ 07601
(201) 488-6655
(201) 488-6652 (fax)
atejada@kdvlaw.com
*Attorneys for Defendant Mercedes-Benz USA, LLC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD SIMS,<br><br>    Plaintiff,<br><br>  v.<br><br>MERCEDES-BENZ USA, LLC and DAIMLER AG<br><br>    Defendants. | Document Filed Electronically<br><br>Civil Action No.<br><br>**MERCEDES-BENZ USA, LLC'S<br>NOTICE OF REMOVAL** |

**TO:**   Clerk, United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Mercedes-Benz USA, LLC ("MBUSA") hereby removes to this Court the State Court Action described below, and in support, respectfully states as follows:

**I.**    **STATEMENT OF THE CASE**

Plaintiff Ronald Sims ("Plaintiff"), a New Jersey resident and former employee of Defendant MBUSA, alleges that MBUSA wrongfully terminated him in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("NJLAD") after he stole food from

MBUSA's cafeteria.  Plaintiff filed his complaint in the Superior Court of New Jersey, Essex

County, Docket No. ESX-L-7379-16.  (*See* Exhibit A, Plaintiff's Summons & Complaint).

MBUSA is incorporated in Delaware with its principal place of business at 303

Perimeter Center North, Suite 202, Atlanta, Georgia  30346.

This action, which was filed on October 26, 2016, is removable under 28 U.S.C. §§

1332, 1441, 1446.  MBUSA has satisfied all of the procedural requirements of 28 U.S.C. §

1446, and hereby removes this action to the United States District Court for the District of

New Jersey.

## II.   THE REQUIREMENTS FOR REMOVAL ARE SATISFIED.

***Original Jurisdiction***.  Absent a federal claim, disputes between citizens of different

states, or of a foreign state may be brought in any appropriate United States District Court,

where the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

Here, the Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because, as set

forth *infra*, (1) the parties are completely diverse in citizenship, and (2) because the value

of Plaintiff's claim is greater than $75,000.  Therefore, the action is removable to this Court

pursuant to 28 U.S.C. § 1441.

***Complete Diversity of the Parties.*** At the time Plaintiff filed this action in the

Superior Court of New Jersey, MBUSA's principal place of business was at 303 Perimeter

Center North, Suite 202, Atlanta, Georgia, 30346.   MBUSA is incorporated in Delaware.

Plaintiff is a resident of New Jersey.   Plaintiff also names Daimler AG as a defendant.

Daimler AG is a German corporation with its principal place of business at Mercedesstr.

137, 70327 Stuttgart, Germany.  Plaintiff, Daimler AG and MBUSA are completely diverse,

and none of the defendants reside in New Jersey.

2

***Amount in Controversy***.  Section 1446(c) explicitly provides, in relevant part that the "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—(A) the notice of removal may assert the amount in controversy if the initial pleading seeks: (i) nonmonetary relief; or (ii) a money judgment, but State practice either does not permit demand for a specific sum...." 28 U.S.C. § 1446(c). New Jersey Court Rule 4:5-2 provides that if "unliquidated damages are claimed ... the pleading shall demand damages generally without specifying an amount."

Here, the Complaint demands nonmonetary relief and unliquidated damages. Specifically, Plaintiff seeks equitable and money damages, including back pay, front pay, compensatory damages, punitive damages, and attorney's fees.  *See generally* Exhibit A. Although Plaintiff's Complaint is silent as to the amount in controversy, here, the amount in controversy exceeds $75,000 to a legal certainty.

At the time that Plaintiff's employment ceased with MBUSA on August 15, 2014, his salary was $93,341.00 and eligible for a bonus if he met a set target.  Plaintiff claims he earned a 100%, 105% and 115% bonus for the 2011, 2012, and 2013 years, respectively. Under NJLAD, compensatory damages may include front-pay and back-pay.   To date, plaintiff's back pay is $217,795.00.  Plaintiff also seeks front pay, compensatory damages, punitive damages, and attorney's fees.  Therefore, the amount in controversy exceeds $75,000.  Thus, this action should be removed to the United States District Court.

***Timeliness***.  This removal notice is filed within thirty (30) days after service of the Complaint on MBUSA.  Plaintiff's Complaint was filed with the Superior Court of New Jersey, Essex County, Law Division on October 26, 2016.  Plaintiff caused the Summons and Complaint to be served upon MBUSA on November 14, 2016.  MBUSA filed the Notice of

Removal on December 6, 2016, i.e. within 30 days after service of the initial pleading on MBUSA.

      ***Consent of Co-Defendant.***  Upon information and belief, Defendant Daimler AG has not been served in this action; thus, its consent is not needed. *See* 28 U.S.C. § 1446(a)(2)(A)("When a civil action is removed solely under section 1441(a), **all defendants who have been properly joined and served must join in** or consent to the removal of the action."(emphasis added)).

      ***Venue and Allocation.*** Venue is proper in the United States District Court for the District of New Jersey and allocation is proper in Newark because the action is pending in Superior Court of New Jersey, Law Division, Essex County; Plaintiff is a resident of Essex County; and the allegations in the Complaint allegedly arose out of Bergen County.

## III.   THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED.

      MBUSA has complied with 28 U.S.C. §§ 1446(a) and (d).  A copy of the Summons and Complaint, which are the only pleadings on file in the state court, are attached hereto as Exhibit A.  Thus, as required by 28 U.S.C. § 1446(a), this notice of removal is accompanied by a true and correct copy of all process, pleadings, orders, and other papers filed in state court or served on the parties in state court.  Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of this notice of removal attached, is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Essex County.  (*See* Exhibit B).  Additionally, MBUSA has served a copy of this notice of removal on Plaintiff in the manner reflected in the certificate of service.  (*See* Certificate of Service).

## IV.   CONCLUSION

      By this notice, MBUSA does not waive any objections it may have to service, jurisdiction, or venue, or any other defenses or objections to this action.  MBUSA intends no

admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas.  MBUSA prays that this action be removed to this Court for determination; that all further proceedings in the state court suit be stayed; and that MBUSA obtains all additional relief to which it is entitled.

**Respectfully Submitted,**

By:    /s/ Anna María Tejada
         Anna María Tejada, Esq.
         **KAUFMAN DOLOWICH & VOLUCK, LLP**
         *Attorneys for Defendant Mercedes-Benz USA, LLC*

Dated:  December 7, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2016, I electronically filed a true and correct copy of the foregoing Notice of Removal with the Clerk of the Court using this Court's CM/ECF system and served a copy of same by Federal Express upon Plaintiff's Counsel:

> Eric H. Jaso, Esq.
> Fleming Ruvoldt, PLLC
> 250 Moonachie Road, Suite 501
> Moonachie, NJ 07074


By:   __/s/ Anna María Tejada_____
Anna María Tejada, Esq.
**KAUFMAN DOLOWICH & VOLUCK, LLP**
*Attorneys for Defendant Mercedes-Benz USA, LLC*